IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| FRANCIS ANTHONY GRANDINETTI, II, #A0185087, | ) ) ) | CIV. NO. 18-00134 DKW-RLP |
|---|---|---|
| Petitioner, | ) ) ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY |
| vs. | ) ) | |
| CORECIVIC, *et al.*, | ) ) | |
| Respondents. | ) ) | |
| _____ | ) | |

Before the Court is pro se Petitioner Francis Anthony Grandinetti, II's pleading entitled: "2018 Federal Habeas Corpus Petition (MDL) with PI and TRO Exhibits" ("Petition"). ECF No. 1. Grandinetti is a Hawaii state prisoner currently incarcerated at the Saguaro Correctional Center ("SCC") located in Eloy, Arizona. He seeks relief under "FRAP 9, FRAP 34," Supreme Court Rule 36, 28 U.S.C. §§ 2241, 2253, 2255, and "other U.S. codes applicable." *Id.* Because Grandinetti is in custody pursuant to a state court judgment of conviction,[1] is neither a pretrial

---

[1] Grandinetti unsuccessfully challenged his state criminal conviction in *Grandinetti v. State*, No. 1:05-cv-00254 DAE-LEK (D. Haw. 2005) (dismissing petition with prejudice as time-barred). The present Petition does not challenge that conviction, and therefore, does not appear to be second or successive within the meaning of 28 U.S.C. § 2244.

detainee nor awaiting extradition,[2] and is not bringing an appeal, 28 U.S.C. § 2241, Fed. R. App. P. 9 and 34, and Supreme Court Rule 36 do not apply. The Court reviews Grandinetti's Petition under 28 U.S.C. § 2254, based on his allegations "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). For the following reasons, Grandinetti's Petition is DISMISSED and any request for a certificate of appealability is DENIED.

## I. LEGAL STANDARDS

Rule 4 of the Rules Governing § 2254 Cases in the United States District Court ("Habeas Rule 4") provides that district courts "must dismiss" a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See*, *e.g.*, *Clayton v. Biter*, 868 F.3d 840, 845-46 (9th Cir. 2017); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Nelson v. Biter*, 33 F. Supp.3d 1173, 1176-78 (C.D. Cal. 2014) (dismissing a habeas petition deemed not cognizable). The Court may dismiss a petition for writ of habeas corpus on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition is filed. Habeas

---

[2]*See White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) (stating relief under § 2241 is available to state prisoners who are not in custody pursuant to a state court judgment, "for example, a defendant in pre-trial detention or awaiting extradition").

Rule 8 Advisory Committee Notes; *see also Herbst v. Cook*, 260 F.3d 1039, 1042-43 (9th Cir. 2001). Such dismissal is appropriate "only where the allegations in the petition are 'vague [or] conclusory' or 'palpably incredible,' or 'patently frivolous or false.'" *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)) (internal citations omitted).

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner . . . and shall set forth in summary form the facts supporting each of the grounds thus specified." Habeas Rule 2(c) (requiring the petition to (1) specify all grounds of relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested). "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Habeas Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)); *O'Bremski*, 915 F.2d at 420 (quoting *Blackledge*, 431 U.S. at 75 n.7).

## II. DISCUSSION

Grandinetti states that SCC, a private prison formerly operated by the Corrections Corporation of America ("CCA"), was recently taken over by CoreCivic. He complains that he was not informed of this change in management until April 29, 2018,[3] when he received a copy of his "Progress Report for the State of Hawaii," dated March 2018, showing "CoreCivic" in its heading. *See* Exs., ECF No. 1-1, PageID #2. He states that President Trump "may be for increasing federal private-contracting 'growth,'" and compares this with Presidents Clinton, Bush, and Obama's alleged positions regarding private prisons and other prison issues. Pet., ECF No. 1. Grandinetti makes no specific claims or argument, but instead submits twenty-four pages of exhibits, including the Progress Report at issue, previous Progress Reports showing "CCA-Saguaro Correctional Center" in the heading, and various medical and "Inmate" requests. A comparison of Grandinetti's institutional and criminal history information in the CoreCivic Progress Report reveals that it is essentially identical to that set forth in his earlier CCA-Saguaro Correctional Center Progress Reports.

Grandinetti's Petition is the definition of "vague and conclusory." He fails to explain the grounds for relief that apply to his Petition, set forth *any* facts

---

[3] Grandinetti filed this action on April 9, 2018.

suggesting that his constitutional rights were violated, identify any specific constitutional violation, or state the relief that he requests (although presumably he seeks release).

Moreover, even if the Petition were less conclusory, Grandinetti's apparent allegation that his constitutional rights were violated when CoreCivic, rather than CCA, began managing SCC, or because he allegedly received untimely notice of this change, is patently frivolous and fails to state a colorable claim for relief under 28 U.S.C. § 2254. Nothing else within the Petition or its exhibits permits an inference that Grandinetti is entitled to habeas relief. The Petition must be dismissed.

Pro se pleadings must be construed liberally and given the benefit of any doubt before dismissal without leave to amend. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). It is apparent, however, that no set of facts regarding the change of management at SCC, Grandinetti's lack of notice of this change, or any other possible habeas claim based on his exhibits would entitle him to the habeas relief he seeks. This dismissal is therefore without leave to amend.

//
//
//

## III. CONCLUSION

Grandinetti's Petition is vague, conclusory, patently frivolous, fails to state any cognizable claim for habeas relief, and is not amenable to amendment. It is DISMISSED with prejudice. *Hendricks*, 908 F.2d at 491; Habeas Rule 4.

Because reasonable jurists would not find the Court's decision to dismiss the Petition wrong or debatable, any request for a certificate of appealability is denied.

IT IS SO ORDERED.

DATED: May 3, 2018 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Francis Anthony Grandinetti, II v. CoreCivic, et al.;* Civil No. 18-00134 DKW-KJM; **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

*Grandinetti v. CoreCivic*, No. 1:18-cv-00134 DKW-RLP; habeas '18 (R4 patently friv)