IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS ANTHONY GRANDINETTI, #A0185087, <br><br> Petitioner, <br><br> vs. <br><br> CORECIVIC, <br><br> Respondent. | Civ. No. 1:18-cv-00134 DKW-RLP <br><br> ORDER DENYING MOTION FOR RECONSIDERATION AND REQUEST FOR INJUNCTIVE RELIEF |

Before the Court is pro se Petitioner Francis Anthony Grandinetti's Motion for Reconsideration on Newer Facts (Motion for Reconsideration) and request for injunctive relief. Mot., ECF No. 16. Grandinetti seeks reconsideration of the May 3, 2018 Order Dismissing Petition for Writ of Habeas Corpus and Denying a Certificate of Appealability under Rules 52[1] and 60 of the Federal Rules of Civil Procedure. *See* Order, ECF No. 3. The time to amend the Order under Rule 59 has passed, and the Court therefore limits its review of the Motion for Reconsideration to Rule 60. Grandinetti's Motion for Reconsideration and request for injunctive relief are DENIED.

---

[1]The Court assumes Grandinetti meant to cite Rule 59, not Rule 52, and responds accordingly.

## I. BACKGROUND

Grandinetti sought habeas relief based on a change in ownership at the Saguaro Correctional Center (SCC), where he is incarcerated. The Court dismissed the Petition as frivolous and denied a certificate of appealability because the Petition was vague, conclusory, and failed to explain how a change in SCC ownership violated Grandinetti's constitutional rights. *See* Order, ECF No. 3.

After filing several more equally incomprehensible documents, Grandinetti filed a notice of appeal on June 12, 2018. ECF No. 10. On July 19, 2018, the Ninth Circuit Court of Appeals dismissed the appeal as "so insubstantial as to not warrant further review." ECF No. 14.

Grandinetti filed the present Motion for Reconsideration, with twenty-one pages of exhibits, on November 2, 2018, pursuant to Rules 52 and 60 of the Federal Rules of Civil Procedure. ECF No. 16. He also seeks injunctive relief under Rule 65.

## II. DISCUSSION

Rule 60(b) "provides for reconsideration upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Sch. Dist. No. 1J, Multnomah Cty. v.*

*ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Motions for reconsideration are not a substitute for appeal and should be infrequently made and granted.  *See Twentieth Century Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981); *see also Grandinetti v. Hyun*, 2017 WL 239741, at *1 (D. Haw. Jan. 19, 2017).

Grandinetti's Motion and its exhibits are as incomprehensible as were the Petition, notice of appeal, and the supplemental documents he filed in support of both.  He fails to demonstrate mistake, surprise, excusable neglect, newly discovered evidence, fraud, or extraordinary circumstances to persuade the Court to reconsider its May 3, 2018 Order dismissing the Petition.  Nor does Grandinetti show that he will suffer irreparable injury or can conceivably succeed on the merits of the Petition, justifying the denial of his request for injunctive relief.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  The Motion for Reconsideration and request for injunctive relief, ECF No. 16, are DENIED.

IT IS SO ORDERED.

DATED: November 7, 2018 at Honolulu, Hawaii.



Derrick K. Watson
United States District Judge

*Francis Anthony Grandinetti v. CoreCivic;* Civil No. 18-00134 DKW-RLP; **ORDER DENYING MOTION FOR RECONSIDERATION AND REQUEST FOR INJUNCTIVE RELIEF**